```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

VERNA MERCIER                              CIVIL ACTION

VERSUS                                     NO. 06-9861

ALLSTATE INSURANCE CO.                     SECTION "R"(4)


**ORDER AND REASONS**

Plaintiff moves to remand this matter to state court. For the following reasons, the Court GRANTS plaintiff's motion.


**I.   BACKGROUND**

Plaintiff Verna Mercier is a Louisiana property owner who suffered damage to her property during Hurricane Katrina and who has sued her homeowner's insurance carrier. Defendant Allstate Insurance Company lacks citizenship or a principal place of business in Louisiana. The parties in this action are thus diverse. Plaintiff filed her action in Louisiana state court, and defendant removed it to this Court. Plaintiff now seeks to remand this matter to state court. Defendant opposes the motion and asserts that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332. The parties disagree as to whether the amount in controversy is satisfied under the

requirements of Section 1332.  *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).

II.  **LEGAL STANDARDS**

   A.  **Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

   B.  **Amount in Controversy**

Under Fifth Circuit law, a removing defendant's burden of

showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.  *See Allen*, 63 F.3d at 1335.  When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."  *Id.*  (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.  *Allen*, 63 F.3d at 1335.  "Thus, in the typical diversity case, the plaintiff is the master of his complaint."  *Id*.

    Here, however, plaintiff filed her complaint in Louisiana state court, and Louisiana law ordinarily does not permit her to plead a specific amount of money damages.  When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a

3

finding that the jurisdictional amount is satisfied.  *Allen*, 63 F.3d at 1335.  The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.  *See De Aguilar*, 47 F.3d at 1412.  Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal.  *Allen*, 63 F.3d at 1336.

**III. ANALYSIS**

As of the date of removal, Mercier's state court petition did not allege a specific amount of damages.  She did not claim that she was entitled to the full value of her homeowner's policy, only that she was not adequately compensated for damage to her property and for living expenses.  In her petition, Mercier did not describe the severity of the damage to her property or estimate the cost of repairs.  In its notice of removal, Allstate asserted that the amount in controversy requirement was met because the object of Mercier's suit was the total value of her homeowner's policy, which it asserts is $90,650.  (R. Doc. 1, at 3).  Allstate thus rested its removal petition on an assertion as to the face value of the underlying

4

policy, though there is no indication from the petition that Mercier sought to recover the full value of the policy.

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (declaratory judgment action); *see also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co.*, 1995 WL 442062 at *1 (E.D. La. 1995) (calculating the amount in controversy based on receipts and affidavits as to actual damages suffered). Mercier did not assert that the amount of her claim approaches or exceeds the policy limits, thus the policy amount is not determinative of the amount in controversy.

In her petition, plaintiff also seeks attorney's fees and penalties under La. Rev. Stat. §§ 22:1220 and 22:658. Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim. Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy. *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002). Under section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount

not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. La. Rev. Stat. § 22:1220. However, a plaintiff must show proof of actual damages arising from the breach to recover any more than $5,000. *See Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995). Plaintiff here does not allege in her petition an amount or type of damages, if any, that she sustained from Allstate's breach. Under Section 22:658, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss. La. Rev. Stat. § 22:658 (emphasis added).

Based on the facts alleged in Mercier's petition, the Court finds that it is not facially apparent that the amount in controversy is greater than $75,000. Allstate has not submitted any evidence indicating that the plaintiffs' claims are for more than $75,000. With no evidence as to the extent of the damages to plaintiff's property, the Court finds that the defendant has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.

New Orleans, Louisiana, this <u>11th</u> day of January, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT